No. 04-445

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 350N

IN RE THE MARRIAGE OF
FRANCES L. RIDDLE,

        Petitioner, Respondent and
        Cross-Appellant,

    v.

ROBERT LOGAN RIDDLE,

        Respondent and Appellant.

APPEAL FROM:    The District Court of the Sixth Judicial District,
                   In and For the County of Park, Cause No. DR 2002-80,
                   Honorable William Nels Swandal, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

             James M. Kommers, Kommers Law Firm, Bozeman, Montana

        For Respondent:

             Brenda R. Gilbert, Swandal, Douglass & Gilbert, Livingston, Montana

Submitted on Briefs:  June 29, 2005

Decided:  December 29, 2005

Filed:

_____
                            Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Robert Riddle appeals a decision of the District Court for the Sixth Judicial District, Park County, awarding Frances Riddle the home the parties purchased during their brief marriage. Frances cross-appeals. We affirm.

¶3 Robert raises the following issues on appeal:

¶4 1. Whether the District Court erred in awarding Frances all of the equity in the marital home when a substantial portion of the funds used to purchase the property and construct the home came from Robert's monies.

¶5 2. Whether the District Court erred when it valued the bomb shelter as a credit against Robert's estate at purchase value rather than the value of the bomb shelter after it is dug up and removed.

¶6 Frances raises the following issues in her cross-appeal.

¶7 1. Whether the District Court erred in distributing more than 100% of the net marital estate.

¶8 2. Whether Robert should be obligated to pay Frances's attorney's fees and costs on the basis that his appeal is without merit.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶9 Frances and Robert Riddle were married in Emigrant, Montana, on May 4, 2000, and separated in August 2002. At the time of the April 15, 2004 trial in this matter, Robert was 55 years old and Frances was 57 years old.

¶10 Robert is a Vietnam veteran who receives tax-free monthly disability income from the Veteran's Administration (VA) and the Social Security Administration in the amount of $3,000.00 per month. Robert also has lifetime medical benefits through the VA and the ability to own real property without payment of real estate taxes, given the availability of a veteran's property tax waiver benefit. Robert was not employed during the course of the marriage.

¶11 Frances has a small, home-based publishing and advertising business which she operates as a sole proprietorship. Her business involves selling advertising for real estate marketing publications and compiling the same. She has been engaged in this business since 1990. Frances earns about $30,000.00 annually from her business. In addition, she claims her vehicle, lodging and travel expenses within per diem rates allowed by the IRS.

¶12 Shortly after their marriage, the parties purchased property in the Paradise Valley south of Livingston, Montana. The 32.78 acres of property consisted of bare land with a bomb shelter on the lower end of the property. At the June 15, 2000 closing, the parties took title to the property by a Warranty Deed as joint tenants with rights of survivorship.

¶13 Robert and Frances decided to construct a home on the property, hence they obtained a construction loan to fund the project. They had the 32.78 acres surveyed and created a 30-

3

acre parcel upon which the home was to be constructed. The home was completed in January 2001, at which time, Robert and Frances rolled the construction loan into a conventional mortgage.

¶14     Frances has continued to live in the home since the parties separated in August 2002. Robert and Frances each paid one-half of the monthly mortgage for the 20 months leading up to trial.

¶15     A bench trial was held in this matter on April 15, 2004. On May 5, 2004, the District Court issued its Findings of Fact, Conclusions of Law and Order wherein the court determined that Robert and Frances should each be entitled to retain sole and exclusive ownership of the personal property owned by each of them at the time of the marriage. The court also determined that Frances should receive the 30-acre parcel of property and the marital home. She was given 60 days to obtain re-financing and to pay Robert his share of the net equity with an allowance for his share of the capital contributions to the purchase of the property and the construction of the home. Frances also received the 2.78-acre parcel, but the court ordered her to compensate Robert for half the net equity. The court awarded the bomb shelter to Robert and gave him six months from the date of the decree to remove it from the property.

¶16     The District Court further ordered that each party was to be responsible for their own debts and obligations including attorney's fees and associated costs. The only exceptions were that the court awarded Frances her attorney's fees for the time expended in preparing for and attending several scheduled mediations because Robert either did not mediate in good

4

faith or canceled mediations without good cause. The court also awarded Frances her attorney's fees for time expended in responding to Robert's objection to Frances's purchase of a new vehicle. The court noted that Frances needed the vehicle for her business, that she agreed to be solely responsible for any debt associated with it, and that no reason existed for Robert's objection.

¶17 The District Court issued its Final Decree of Dissolution on June 3, 2004, wherein the court incorporated its findings and conclusions from its May 5, 2004 Order. Robert appeals the District Court's judgment and Frances cross-appeals.

## STANDARD OF REVIEW

¶18 We review a district court's division of marital property to determine whether the district court's findings of fact are clearly erroneous and whether the court correctly applied the law. *In re Marriage of Herrera*, 2004 MT 40, ¶ 18, 320 Mont. 71, ¶ 18, 85 P.3d 781, ¶ 18 (citing *In re Marriage of Foreman*, 1999 MT 89, ¶ 14, 294 Mont. 181, ¶ 14, 979 P.2d 193, ¶ 14). A finding is clearly erroneous if it is not supported by substantial evidence, if the district court misapprehended the effect of the evidence, or if our review of the record convinces us that the district court made a mistake. *Herrera*, ¶ 18 (citing *In re Marriage of Deist*, 2003 MT 263, ¶ 14, 317 Mont. 427, ¶ 14, 77 P.3d 525, ¶ 14). Where substantial credible evidence supports a court's findings and judgment, we will not alter the court's decision unless there is an abuse of discretion. *Herrera*, ¶ 18 (*In re Marriage of Griffin* (1996), 275 Mont. 37, 43, 909 P.2d 707, 710-11). The test for an abuse of discretion in a dissolution proceeding is "whether the district court acted arbitrarily without employment of

conscientious judgment" or whether the district court "exceeded the bounds of reason resulting in substantial injustice." *Herrera*, ¶ 18 (quoting *In re Marriage of Engen*, 1998 MT 153, ¶ 26, 289 Mont. 299, ¶ 26, 961 P.2d 738, ¶ 26).

**ISSUE 1**

¶19 *Whether the District Court erred in awarding Frances all of the equity in the marital home when a substantial portion of the funds used to purchase the property and construct the home came from Robert's monies.*

¶20 Robert argues on appeal that the District Court erred in awarding Frances the property in question because he bought the property before the marriage with his own money as a down payment. He maintains that the court should have awarded him title to the property since Frances had the mobile home she owned prior to the parties' marriage that she could return to.

¶21 Contrary to Robert's contentions, the property was not pre-marital property, but was purchased after the parties married. The Warranty Deed for the property was issued on June 14, 2000, one month after the parties were married. The Warranty Deed shows that the property was held by Robert and Frances as joint tenants with rights of survivorship. Furthermore, the court's award to Frances of the 1972 mobile home that she purchased thirteen years prior to the marriage with inherited funds does not render the court's decision inequitable. Robert never contested that the mobile home was Frances separate premarital property, nor has Robert ever made any claim of having contributed to the mobile home's value.

¶22 Robert is also incorrect in contending that Frances received 100 % of the equity in the

6

home. The District Court valued the 30-acre parcel and the marital home at $215,000.00 based on the most recent appraisal of the property. At the time of the trial in this matter, the balance remaining on the mortgage was $181,266.76, leaving $33,733.24 in equity. The court determined that, based on the evidence submitted, Robert had $31,162.82 in capital expenditures (which included the amount of the down payment on the property) and Frances had $21,488.56 in capital expenditures. The court awarded Robert one half of the equity in the home plus the difference between the amount of his capital expenditures and Frances's capital expenditures, for a total of $26,560.88. The court then offset this amount by $25,000.00, the value of the bomb shelter that had been awarded to Robert. Hence, the court ordered that Frances reimburse Robert $1,560.88.

¶23 In addition, both parties had valued the 2.78-acre parcel of property at $49,000.00. The District Court awarded that property to Frances, but ordered that she compensate Robert for one-half of the net equity in that property.

¶24 Based on the foregoing, Robert's contentions that Frances received all of the equity in the marital home are incorrect. The District Court properly determined that the real property was a marital asset and that, pursuant to § 40-4-202, MCA, the court must, "finally equitably apportion between the parties the property and assets belonging to either or both, however and whenever acquired and whether the title thereto is in the name of the husband or wife or both."

¶25 Furthermore, we conclude that the District Court's award of the marital home to Frances was not error. In dividing the real property at issue in this matter, the District Court

7

noted that it had considered the parties' ages, occupations, amount and sources of income, skills, liabilities, the needs of the parties, and the opportunity of each to acquire capital assets and income. The court also noted that Frances operates her business out of the home, is fiscally responsible, is capable of purchasing Robert's interest in the home, and is capable of maintaining the home. The court further noted that not only could Robert easily afford to buy a different home, but he has the time to expend in looking for and securing a new home.

¶26     Accordingly, we hold that the District Court's award of the marital home to Frances and its division of the equity in the marital home is well supported by the record.

## ISSUE 2.

¶27     *Whether the District Court erred when it valued the bomb shelter as a credit against Robert's estate at purchase value rather than the value of the bomb shelter after it is dug up and removed.*

¶28     Robert contends that the District Court erred in failing to determine the cost of the removal of the bomb shelter and crediting Robert for that amount. Frances argues, on the other hand, that Robert never raised any concerns regarding the removal of the bomb shelter in the proceedings below and that he raises this claim for the first time on appeal.

¶29     We will not address an issue raised for the first time on appeal because it is unfair to fault the trial court on an issue it was not given an opportunity to consider. *Renner v. Nemitz*, 2001 MT 202, ¶ 15, 306 Mont. 292, ¶ 15, 33 P.3d 255, ¶ 15 (citing *Unified Industries, Inc. v. Easley*, 1998 MT 145, ¶ 15, 289 Mont. 255, ¶ 15, 961 P.2d 100, ¶ 15).

## CROSS-APPEAL ISSUE 1.

¶30     *Whether the District Court erred in distributing more than 100% of the net marital*

8

*estate.*

¶31 Frances argues that in adding the capital expenditure reimbursement to the sums Frances is required to pay Robert, the District Court went beyond a distribution of the net assets of the marital estate. She maintains that the District Court's judgment in that regard should be reversed and that the court's requirement that she pay Robert for Robert's "recapture of excess capital expenditures" should be eliminated.

¶32 This Court has repeatedly stated that § 40-4-202, MCA, vests a district court with broad discretion to apportion a marital estate in a manner which is equitable to each party under the specific circumstances. *In re Marriage of Horton*, 2004 MT 353, ¶ 11, 324 Mont. 382, ¶ 11, 102 P.3d 1276, ¶ 11 (citing *In re Marriage of Binsfield* (1995), 269 Mont. 336, 888 P.2d 889). In the case *sub judice*, the District Court determined that since Frances was to retain the entire property including the home, Robert should be reimbursed for the funds he expended in purchasing the property and in constructing the home. We see no error in the District Court's reasoning.

¶33 Accordingly, we hold that the District Court did not err in its distribution of the marital estate.

## CROSS-APPEAL ISSUE 2.

¶34 *Whether Robert should be obligated to pay Frances's attorney's fees and costs on the basis that his appeal is without merit.*

¶35 Frances maintains that the District Court's property division is so favorable to Robert as to render his appeal to this Court frivolous and without substantial or reasonable grounds.

Hence, Frances contends that Robert should be required to pay Frances's attorney's fees and costs incurred in this appellate proceeding.

¶36    As a general rule, we will not impose sanctions pursuant to Rule 32, M.R.App.P., unless the appeal is entirely unfounded and intended to cause delay or unless counsel's actions otherwise constitute an abuse of the judicial system. *Snow v. Snow*, 2002 MT 143, ¶ 31, 310 Mont. 260, ¶ 31, 49 P.3d 610, ¶ 31 (citing *In re Marriage of Moss*, 1999 MT 62, ¶ 41, 293 Mont. 500, ¶ 41, 977 P.2d 322, ¶ 41).

¶37    While we have not held in Robert's favor on any of his claims, we do not agree with Frances that Robert's appeal was entirely unfounded or intended to cause delay. Accordingly, we hold that Robert is not obligated to pay France's attorney fees and costs on appeal.

¶38    Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY
/S/ JIM RICE
/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART